| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO Court Address: 7325 S. POTOMAC ST. #100 <br> Centennial, CO 80012 | DATE FILED: February 9, 2021 3:50 PM <br> FILING ID: C20E333A66988 <br> CASE NUMBER: 2021CV30270 |
| Plaintiff: Michelle Ray <br><br> v. <br><br> Defendants: Rebekah Ratzell and Auto-Owners Insurance | ▲COURT USE ONLY▲ |
| Attorney for Plaintiff <br> John C. Friedberg, #37359 <br> Franklin D. Azar & Associates, P.C. <br> 14426 East Evans Avenue <br> Aurora, CO 80014 <br> Phone Number: (303) 757-3300 <br> Fax Number:    (303) 757-3206 <br> E-Mail: friedbergj@fdazar.com | Case No. <br><br> Division: |
| **COMPLAINT** | |

Plaintiff, by and through her attorneys, Franklin D. Azar and Associates, P.C., for her Complaint against the Defendants, states and alleges as follows:

### I.    PARTIES, JURISDICTION, AND VENUE

1. This lawsuit arises from an auto collision that occurred on South Yosemite Street at the intersection of East Dry Creek Road and South Yosemite Street in the City of Centennial, County of Arapahoe, State of Colorado, on or about July 8, 2019.

2. Plaintiff Michelle Ray (hereinafter "Mrs. Ray") is an individual and resident of the State of Colorado.

3. Defendant Auto Owners Insurance (hereinafter "Defendant Auto Owners") is a corporation doing business in the State of Colorado.

4. Defendant Rebekah Ratzell (hereinafter "Defendant Ratzell") is an individual residing in the State of Colorado.

5. Venue is proper herein pursuant to C.R.C.P. 98.

6.     This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

## II.     GENERAL ALLEGATIONS

7.     On July 8, 2019, Mrs. Ray was involved in a motor vehicle collision with Jon Absher (hereinafter "Mr. Absher").

8.     The collision occurred on South Yosemite Street at or near the intersection of South Yosemite Street and East Dry Creek Road in the City of Centennial, County of Arapahoe, State of Colorado.

9.     At the time of the collision, Mrs. Ray was driving a 2014 Chevrolet Cruze.

10.    At the time of the collision, Mr. Absher was driving a 2010 Dodge Ram 2500.

11.    Immediately prior to the collision, Mrs. Ray was driving eastbound on East Dry Creek Road and turning left onto South Yosemite Street to travel northbound in the #1 lane.

12.    At the time and place of the collision, Mrs. Ray had a green arrow while making her left turn.

13.    Prior the collision, Mr. Absher was traveling westbound on East Dry Creek Road and was making a northbound turn onto South Yosemite Street.

14.    At the time and place of the collision, Mr. Absher made his turn too wide and entered into the #1 lane where Mrs. Ray was travelling.

15.    Mr. Absher's vehicle collided with Mrs. Ray's vehicle.

16.    The front driver's side of Mr. Absher's vehicle struck the front of Mrs. Ray's vehicle.

17.    Mrs. Ray had the right of way at the time and place of the collision.

18.    At the time and place of the collision, Mr. Absher turned too wide and entered into Mrs. Ray's lane illegally.

19.    Mr. Absher failed to yield the right of way to Mrs. Ray.

20.    The collision caused injury to Mrs. Ray.

21.    Officer Richard Horvath ("Officer Horvath") with the Arapahoe County Sheriff Department investigated the incident and prepared a State of Colorado Traffic Accident Report.

22.    Officer Horvath opined that Mr. Absher's careless driving was the cause of the collision.

23.    Mr. Absher's careless driving was the cause of the collision.

24.    Mrs. Ray had no way of avoiding the collision.

25.    No third person caused or contributed to the collision.

26.    Mrs. Ray did not cause or contribute to the collision.

27.    The collision was caused solely by Mr. Absher's negligence.

28.    Mr. Absher's negligence caused bodily injury to Mrs. Ray.

29.    Mrs. Ray has not failed to mitigate her damages.

30.   Mr. Absher was insured with Bristol West under a policy of insurance which provided $50,000 per person in bodily injury coverage at the time of the collision.

31.   Mr. Absher was underinsured at the time of this collision.

32.   At the time of the collision, Mrs. Ray was insured with Defendant Auto Owners and paid for underinsured motorist (hereinafter "UIM") benefits.

33.   Mrs. Ray's policy of insurance with Defendant Auto Owners provided $250,000 per person in UIM benefits at the time of the collision.

34.   Mrs. Ray is considered an insured under Defendant Auto Owners's policy of insurance and entitled to UIM benefits provided for therein.

35.   Mrs. Ray reported the claim timely to Auto Owners.

36.   Mrs. Ray has cooperated with Defendants in the investigation of her claim for UIM benefits.

37.   Defendants have not sent Mrs. Ray a reservation of rights letter.

38.   Defendants have not submitted a written request to Mrs. Ray to provide any information she has not provided.

39.   Defendants have not provided a written request to Mrs. Ray as required under C.R.S. 10-3-1118.

40.   Defendants have failed to reasonably investigate, evaluate and settle Mrs. Ray's claim.

41.   On or about January 20, 2020, Mrs. Ray sent to Bristol West her medical and billing statements totaling $21,622.78.

42.   On or about January 20, 2020, Mrs. Ray sent to Defendant Auto Owners her medical and billing statements totaling $21,622.78.

43.   Mrs. Ray also requested Defendant Auto Owners' permission to settle her bodily injury claim for the policy limits of $50,000.00.

44.   Defendant Auto Owners did not provide Mrs. Ray with any benefits in response to her providing her medical bills and records on January 20, 2020.

45.   Defendant Auto Owners did not give Mrs. Ray permission to settle her bodily injury claim for $50,000.

46.   On or about March 23, 2020, Mrs. Ray sent to Defendant Auto Owners her medical and billing statements totaling $26,131,54 and requested Defendant Auto Owners' permission to settle her bodily injury claim.

47.   Defendant Auto Owners did not provide Mrs. Ray with any benefits in response to her providing her medical bills and records on March 23, 2020.

48.   Defendant Auto Owners did not grant Mrs. Ray permission to settle her bodily injury claim.

49.   On May 29, 2020, Defendants explained they did not think Mrs. Ray's damages exceeded the policy limits of the Bristol West policy of $50,000.

50.   Defendants did not provide a breakdown of their denial of benefits to Mrs. Ray's March

23, 2020 request for benefits.

51.    On June 15, 2020, Mrs. Ray provided Defendants an executed medical authorization.

52.    Mrs. Ray provided the executed medical authorization timely.

53.    On or about June 17, 2020, Defendant Auto Owners provided Mrs. Ray with consent to settle with Mr. Absher and Bristol West.

54.    On or about June 17, 2020, Bristol West tendered its bodily injury policy limits of $50,000 on behalf of Mr. Absher.

55.    Mrs. Ray accepted the bodily injury limits after receiving Defendant Auto Owners' consent to settle.

56.    On or about June 24, 2020, Mrs. Ray's medical bills totaled $29,352.66 and had been submitted to Defendant Auto Owners.

57.    On or about June 24, 2020, Auto Owners "offered" $7,500.00 in the event that Mrs. Ray was done treating to resolve her UIM claim.

58.    Defendants failed to tender the $7,500.00 in benefits owed to Mrs. Ray.

59.    On July 22, 2020, Mrs. Ray sent to Defendant Auto Owners her medical and billing statements totaling $30,255.14.

60.    Defendants did not tender any benefits to Mrs. Ray in response to her additional records and bills.

61.    Defendants claimed that Mrs. Ray's non-economic damages were uncertain and refused to pay benefits owed Mrs. Ray.

62.    On August 29, 2020, Mrs. Ray sent to Defendant Auto Owners her medical records and billing statements totaling $31,642.62.

63.    Defendants again failed to tender any benefits owed to Mrs. Ray.

64.    On September 6, 2020, Mrs. Ray requested a breakdown from Defendants as to how they calculated their "offer" of $7,500.00.

65.    Defendants refused to provide a breakdown as to how they arrived at the $7,500 "settlement offer" in response to Mrs. Ray's repeated requests for benefits.

66.    On September 23, 2020, Defendants claimed that they were only obligated to make *Fisher* payments once the undisputed medical amount of Mrs. Ray's damages were greater than the tortfeasor's limits.

67.    On September 28, 2020, Mrs. Ray again requested how Defendants came to their "offer" of $7,500.00.

68.    Defendants again refused to explain their "offer" of $7,500.00.

69.    On December 4, 2020, Mrs. Ray gave Defendants a recorded statement.

70.    On December 14, 2020, Mrs. Ray sent to Defendant Auto Owners her medical and billing statements totaling $37,327.92.

71.    Defendants have not responded to Mrs. Ray's December 14, 2020 request for benefits.

72. Defendants failed to tender the benefits owed to Mrs. Ray under her UIM policy.

73. Defendants did not provide their evaluation of Mrs. Ray's UIM claim when they made their "offer" of $7,500.

74. Defendants have not increased their "offer" to Mrs. Ray despite receiving almost $8,000 in additional medical records and bills since their initial offer.

75. To date, Defendants have failed to tender the benefits owed to Mrs. Ray.

76. Defendant Auto Owners agrees Mrs. Ray was injured in the collision.

77. Defendants know, or should know, that Mrs. Ray is entitled to collect noneconomic damages for her injuries.

78. Defendants know, or should know, that Mrs. Ray is entitled to collect physical impairment damages for her injuries.

79. Defendants have determined the amount owed to Mrs. Ray for noneconomic damages.

80. Defendants have determined the amount owed to Mrs. Ray for physical impairment.

81. Defendants have purposefully withheld amounts they have determined are owed from their insured.

82. Defendants have withheld benefits owed without a reasonable basis.

83. Defendants know, or should know, that Colorado insurance industry standards require insurers to pay all undisputed damages to Mrs. Ray, including noneconomic damages and physical impairment damages.

84. Defendants have failed to pay Mrs. Ray the benefits owed under Colorado law.

85. Defendants agree Mr. Absher's $50,000 policy limits were insufficient to fully compensate Mrs. Ray for her injuries and damages.

86. Defendants have not made any payment to Mrs. Ray in connection to her UIM claim.

87. Defendants have not requested additional information from Mrs. Ray, either before or after refusing to issue any UIM payments to her.

88. Defendants have not documented or investigated any failure to cooperate on behalf of Mrs. Ray.

89. Defendants have never spoken to any of Mrs. Ray's medical providers regarding her treatment.

90. Defendants have not informed Mrs. Ray it disputes that her injuries and treatment are related to the subject collision.

91. Defendants have never requested that Mrs. Ray submit to an independent medical examination.

92. Defendants have never disputed Mrs. Ray's ongoing treatment.

93. Defendants have never disputed Mrs. Ray's future need for other treatments.

94. Prior to litigation, Defendants never told Mrs. Ray that they disagreed with the amounts charged by her medical providers.

95.    Defendants' conduct has resulted in delay of UIM benefits being paid to Mrs. Ray.

96.    Defendants' failures in handling Mrs. Ray's claim fail to meet the standard set for in Auto Owners' own claim handling manuals and internal standards.

97.    Defendants have failed to reasonably investigate, evaluate and settle Mrs. Ray's claims.

98.    Defendants' unreasonably delayed UIM benefits to Mrs. Ray.

99.    Defendants failed to pay benefits owed in compliance with Colorado law.

100.    Defendants failed to comply with Colorado's Unfair Claims Settlement Practices Act.

101.    Defendants, by withholding benefits owed to Mrs. Ray, benefit Defendant Auto Owners, as it earns interest on any money it retains.

102.    Defendant Ratzell has an incentive to withhold Mrs. Ray's UIM benefits as evidenced by her conduct in her claim handling.

103.    Defendant Auto Owners' conduct and training of its adjusters contradicts the spirit and intent of the *Fisher v. State Farm* decision.

104.    Defendant Auto Owners' conduct seeks to save itself money to the detriment of its insured.

## FIRST CLAIM FOR RELIEF
### *(Breach of Contract-UIM Benefits- Against Defendant Auto Owners)*

105.    Mrs. Ray incorporates all prior allegations as though fully set forth herein.

106.    Sometime prior to the accident, Mrs. Ray, entered into a contract with Defendant Auto Owners for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving underinsured motorists.  At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant Auto Owners.

107.    Mrs. Ray has advised Defendant Auto Owners of a claim for underinsured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant Auto Owners in connection with the claim.

108.    Mrs. Ray is an intended beneficiary of Defendant Auto Owners' insurance policy/contract and is therefore entitled to enforce its terms.

109.    Mrs. Ray is entitled to be compensated by Defendant Auto Owners for all damages he has incurred, including significant medical bills and other expenses, pain, suffering, loss of enjoyment of life, permanency, physical impairment, and disability, under the underinsured motorist coverage of the policy.

## SECOND CLAIM FOR RELIEF
### *(First Party Statutory Claim Under C.R.S. § 10-3-1115 and 10-3-1116-*

*Against Defendants Auto Owners and Ratzell)*

110. Mrs. Ray incorporates all prior allegations as though fully set forth herein.

111. At all relevant times, Defendant Auto Owners was engaged in the business of insurance.

112. At all relevant times, Defendant Ratzell was engaged in the business of insurance.

113. Defendants have denied and/or delayed payment of benefits to Mrs. Ray without a reasonable basis for their actions.

114. Defendants' unreasonable position and conduct has caused Mrs. Ray damage by the loss of the compensation that is due to her and which Defendants should have previously paid to Mrs. Ray.

115. In accordance with C.R.S. §10-3-1116, Mrs. Ray is entitled to recover from Defendants two times the covered benefits plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
### *(Bad Faith- Defendant Auto Owners)*

116. Mrs. Ray incorporates all prior allegations as though fully set forth herein.

117. Defendant Auto Owners owed Mrs. Ray a duty to act in good faith in reviewing, adjusting and settling her claims.

118. Defendant Auto Owners breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

   a. Compelling this Plaintiff to institute litigation to obtain evidence of, and to recover benefits owed under the underinsured motorist bodily injury benefits afforded to Mrs. Ray pursuant to the insurance policy;

   b. Favoring the interests of Defendant Auto Owners, an insurer, over those of Mrs. Ray, the insured, to whom Defendant Auto Owners owes fiduciary and statutory duties;

   c. Trying to extort Mrs. Ray into a settlement of a claim by withholding benefits owed;

   d. Failing or delaying payment of reasonable compensation for the injuries, damages, and losses of Mrs. Ray suffered at the hands of an underinsured motorist;

   e. Failing to respond to Mrs. Ray's requests for information;

     f.   Incompetently evaluating Mrs. Ray's claims;

     g.   Training its employees to violate Colorado law and contradict the spirt and intent of the *Fisher v. State Farm* decision;

     h.   Failing to investigate Mrs. Ray's injuries and pay benefits due in an appropriate manner.

119.   Defendant Auto Owners' actions are unreasonable.

120.   Defendant Auto Owners knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

121.   Defendant Auto Owners purposely engages in this conduct to avoid prompt payment of benefits to its insureds.

122.   As a direct result of Defendant Auto Owners' breaches of its duties to its insured, Mrs. Ray has been damaged including, but not necessarily limited to:

     a.   Being forced to incur additional costs in litigation;

     b.   Enduring the emotional trauma of being unnecessarily involved in a lawsuit with Defendant Auto Owners; and

     c.   Being deprived of the use of funds owed to Mrs. Ray which should have been paid by now.

     d.   Physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills, permanency and/or impairment in amounts to be determined at the time of trial.

WHEREFORE, Plaintiff prays for judgment against Defendants for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

Respectfully submitted February 9, 2021.

FRANKLIN D. AZAR & ASSOCIATES, P.C.
By: */s/ John C. Friedberg*
John C. Friedberg, #37359
ATTORNEY FOR PLAINTIFF

**Plaintiff's Address:**
1325 S. Loredo St.
Aurora, CO 80017

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*